Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

|  |  |  |  |
|---|---|---|---|
| PEOPLE OF GUAM, | ) | **CRIMINAL CASE NO. CF0133-09** | |
|  | ) |  | |
|  | ) |  | |
| vs. | ) |  | |
|  | ) | **DECISION AND ORDER** | |
|  | ) | **(Defendant Benedette C. Santos's** | |
| HENRY C. FLORES et. al., | ) | **Motion to Sever)** | |
|  | ) |  | |
| Defendants. | ) |  | |
|  | ) |  | |

This matter came before the HONORABLE VERNON P. PEREZ on May 5, 2009 on Defendant Santos's Motion to Sever. Assistant Attorney General Jeffery Moots and Assistant Attorney General Clyde Lemons were present for the Prosecution Division. Attorney Joaquin C. Arriola, Jr., was present with Defendant Benedette C. Santos. Also present were Attorney Samuel S. Teker and Joshua D. Walsh with Defendant Raynold C. Alcantara and Defendant Juan L.G. Diaz. Attorney Howard Trapp was present with Defendant Esmeralda A. Sabinay. Attorney Thomas J. Fisher was present with Defendant Joaquin Q. Castro. Attorney Rachel Taimanao-Ayuyu was present with Defendant Vincent G. Perez. Attorney Lewis W. Littlepage was present with Defendant Henry C. Flores. Attorney Julie C. Rivera, representing Defendant Luke Tonaichy, was also present. The Court took the motion under advisement. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On March 12, 2009 Defendant Benedette C. Santos (hereinafter "Defendant Santos") was indicted, along with nine other co-defendants, with one charge of Conspiracy to Commit Aggravated Assault (as a 2nd Degree Felony) in violation of 9 G.C.A. §§ 13.30 & 13.60 (a). Four of the nine other co-defendants were also charged in the indictment with Aggravated

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                  - Page 1 of 11 -

Assault (as a 2nd Degree Felony), in violation of 9 G.C.A. §§ 19.20 (a)(1) and (b). The indictment stems from the alleged assault of a teenage boy being held at the Dededo Precinct and the alleged conspiracy to cover up the assault. An arraignment was held on March 25, 2009 where Defendant Santos asserted her right to a speedy trial.

On April 15, 2009 Defendant Santos filed Defendant Santos's Motion to Sever (hereinafter "Motion to Sever"). A hearing on the Motion to Sever was held on May 5, 2009. Although Prosecution failed to file an Opposition to Defendant Santos's Motion to Sever, the Court permitted Prosecution to orally argue in opposition at the hearing. On May 5, 2009 Prosecution filed People's Motion to File Opposition to Defendant Benedette Santos' Motion to Sever Out of Time and People's Opposition to Defendant Benedette Santos' Motion to Sever. At a Pretrial conference held on May 15, 2009, the Court heard arguments on People's Motion to File Opposition to Defendant Benedette Santos' Motion to Sever Out of Time and granted the motion.

## DISCUSSION

Section 55.35 of Title 8 of the Guam Code Annotated (G.C.A.), which mirrors Rule 8 of the Federal Rules of Criminal Procedure, governs joinder and provides in pertinent part:

**§ 55.35. Charging Multiple Offenses.**

(a) Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions corrected together or constituting parts of a common scheme or plan.

(b) Two (2) or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged on each count.

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 2 of 11 -

8 G.C.A. § 55.35. Section 55.35 permits the joinder of several defendants in the same indictment or information if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses.

Section 65.30 of Title 8 of the Guam Code Annotated governing joinder of offenses provides:

**§ 65.30. Joinder of Offenses Encouraged.**

(a) The court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

(b) Except as otherwise provided by § 65.35, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the prosecuting attorney at the time of the commencement of the first trial.

8 G.C.A. § 65.30. Thus, section 65.30 encourages joint trials.

Case law also favors a joint trial when two or more defendants have joint involvement in committing a criminal offense. Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together", as joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."). The United States Supreme Court has endorsed the notion that a joint trial typically allows "the jury to obtain a more complete view of all the acts underlying the charges than would be possible in separate trials" and thus "to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in the sentencing." Buchanan v. Kentucky, 483 U.S. 402, 418 (1987).

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 3 of 11 -

The preference for a joint trial is particularly strong where the charge is conspiracy. United States v. Lewis, 557 F. 3d 601, 609 (8th Cir. 2009) ("[P]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together."); U.S. v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004) (setting forth that "[a] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."); U.S. v. Williams, 553 F. 3d 1073, 1079 (7th Cir. 2009) (holding that "[a] conspiracy charge combined with substantive counts arising out of that conspiracy is a proper basis for joinder of defendant's"); U.S. v. Miller, 549 F. Supp. 2d 1312, 1318 (D. Kan., 2008) (setting forth that "[i]n the context of conspiracy, severance will rarely, if ever be required, since, in a conspiracy case, joint trials reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague and provide the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."). Where conspiracy is a dominant element and the Government must prove agreement among several co-defendants, joinder is presumed despite the fact that the evidence may show that some defendants were "kingpins" and others were less active. See, United States v. Edelin, 118 F. Supp. 2d 36, 43 (D.D.C. 2000).

In the Motion to Sever, Defendant Santos moves this Court to sever her jury trial from her other nine co-defendants' jury trial. Defendant Santos cites to 8 G.C.A. § 65.35 in support of her motion. Section 65.35 of Title 8 of the Guam Code Annotated, which mirrors Rule 14(a) of the Federal Rules of Criminal Procedure, governs severance and provides:

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 4 of 11 -

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35. Thus, section 65.35 permits severance at the Courts' discretion only upon showing of prejudice.

The United States Supreme Court has defined "prejudice" in this context to be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 537-539 (1993). The defendant must establish that a joint trial will result in compelling prejudice, against which the trial court cannot protect so that a fair trial cannot be had. Id. at 537-538. Only in the event that prejudice appears to be compelling does severance become warranted. United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973). The decision to sever ultimately rests with the discretion of the court. See United States v. Throckmorton, 87 F.3d 1069, 1071 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S. Ct. 993, 136 L. Ed. 2d 874 (1997).

In her Motion to Sever, Defendant Santos first contends that this Court should sever because she will otherwise suffer undue prejudice if she is tried with her co-defendants. Defendant Santos points out that Prosecution has presented testimony that she was in the vicinity of where the alleged assault took place and was later instructed to deny having any knowledge of what happened if questioned by law enforcement officers. Defendant Santos argues that a jury would be unable to separate the acts that the co-defendants are accused of simply because she was in the area.

The Court finds, as an initial matter, that Defendant Santos' claims of prejudice are conclusory and without any factual support. In the Motion to Sever, Defendant Santos makes no

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 5 of 11 -

more than a conclusory statement that if severance is not granted, the jury will not be able to make a reliable judgment as to her guilt or innocence. Conclusory statements are not enough for this Court to grant a severance. When moving for severance, defendant bears a "heavy burden" of showing prejudice. See, U.S. v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998); United States v. Edelin, 118 F. Supp. 2d 36, 41 (D.D.C. 2000). In her Motion to Sever, Defendant Santos has not met this burden and fails to show any compelling prejudice that will result from the failure to sever her trial from the other nine co-defendants' trial.

In the Motion to Sever, Defendant Santos directs the Court to the case of People v. Agustin, Criminal Case No. CF0120-06, *Decision and Order on Motion to Sever and Government's Motion to Grant Immunity* (October 5, 2006). Defendant Santos points out that this Court's inquiry as to prejudice needs to focus on whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in light of its volume and limited admissibility. No other factual support is set forth in the Motion to Sever.

The Court finds that Defendant Santos fails to make the necessary showing for severance, to the extent suggested in her motion, that she will suffer prejudice because joinder would confuse the jury, whether through guilt by association or commingling of evidence. The risk of guilt by association does not create a need to sever because "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." U.S. v. Cisneros, 26 F. Supp. 2d 13, 19-20 (D.D.C. 1998) (quoting Zafiro, 506 U.S. at 540); See also United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) ("The party moving for severance must establish that actual prejudice would result from a joint trial and not merely that 'a separate trial would offer better chance of acquittal.' ") As a consequence, Defendant Santos'

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 6 of 11 -

supposed concerns about guilt by association do not supply the grounds necessary for severance in this case.

Nor does Defendant Santos' suggestion that the jury will be unable to compartmentalize the evidence, as it relates to each defendant, supply this Court with the grounds necessary for a severance in this case. Defendant Santos' argument is not clear as to what exactly the jury will be unable to compartmentalize in this case. The Court assumes that Defendant Santos's position is based on an argument that the jury would be unable to compartmentalize the evidence because there is more evidence of the other co-defendants' guilt than of her own guilt. Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased. U.S. v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). Nor is the preference for joint trials by defendant's jointly indicted, particularly where conspiracy is charged, limited by any requirement that the quantum of evidence of each defendant's culpability be equal. U.S. v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009). "Severance is not appropriate merely because some co-conspirators were more active in the conspiracy, nor because some co-conspirators played a more central role." See, United States v. Edelin, 118 F. Supp. 2d 36, 43 (D.D.C. 2000).

Moreover, the supposed risk associated with commingled evidence assumes that a defendant and his codefendants have mutually antagonistic defenses. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." Throckmorton, 87 F.3d at 1072 (citing United States v. Sherlock, 962 F.2d 1349, 1363 (9th Cir. 1989), cert. denied sub nom. Charley v. United States, 506 U.S. 958, 113 S. Ct. 419, 121

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 7 of 11 -

L. Ed. 2d 342 (1992)). Defendant Santos has made no such showing in her Motion to Sever and therefore is not entitled to severance on these grounds.

Finally, this Court may provide such instructions and clarification as are necessary in order to ensure that the jurors understand the task assigned to them at trial. See, U.S. v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998); U.S. v. Fernandez, 388 F. 3d 1199, 1243 (9th Cir. 2004) (holding that a court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial.). Defendant Santos has not shown in her Motion to Sever that an instruction(s) to the jury from the Court would not cure any potential prejudice. Zafiro v. U.S., 506 U.S. at 540-541, (explaining that limiting instructions to the jury will often suffice to cure any risk of prejudice). Since jurors are presumed to follow the court's instructions, this Court finds that a limiting instruction in this case will surely suffice to cure any potential prejudice. Thus, the risk of jury confusion does not provide Defendant Santos with grounds for severance.

Defendant Santos also moves this Court to sever her from the co-defendants in this matter in order to provide her with a speedy trial as required under 8 G.C.A. § 80.60 (3). In support of this position, Defendant Santos points out in her Motion to Sever that one of her co-defendants has filed an interlocutory appeal of this Court's decision on a Motion to Quash. The Court would point out that the interlocutory appeal was denied by the Supreme Court of Guam on May 26, 2009. See, People of Guam v. Castro, Supreme Court Case No: CRA9-004, Order (May 26, 2009). The interlocutory appeal no longer is an impingement on Defendant Santos's right to a speedy trial.

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 8 of 11 -

Notwithstanding the denial of the interlocutory appeal, the Court finds that Defendant Santos would still not be entitled to a severance based upon her assertion of her right to a speedy trial. U.S. v. Varella, 692 F.2d 1352 (11th Cir. 1982) involved three criminal defendant's who were charged with conspiracy to distribute and import marijuana, possession with intent to distribute marijuana, and importation of marijuana. One co-defendant claimed that his statutory right to a speedy trial was impaired by the four month delay occasioned by joinder of his co-defendants, some of whom had pending pretrial motions. Specifically, this co-defendant argued that the lower court erred in denying his motions for severance to allow his trial to proceed more speedily. In upholding the lower court, the Eleventh Circuit Court of Appeals held that:

> The primary purpose of the Speedy Trial Act is to accelerate criminal trials. Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time. *Proposed Amendments to the Ervin Bill: Hearings on S. 895,* 92nd Cong., 1st Sess. (1971) (letter to Senator Ervin from Assistant Attorney General William H. Rehnquist). Congress feared that rigid statutory time limits would force courts to disregard the principle of "judicial efficiency;" courts would be forced to "grant severances unnecessarily in multi-defendant cases 'so that a defendant whose case was moving slowly would not hold up the trial of his codefendants.' " S.Rep.No. 93-1021, 93rd Cong., 2d Sess. (1974). "In multiple defendant cases, such as major narcotic conspiracies, judges may be forced to grant severances which would otherwise not be required. This in turn would lead to more trials and more congestion." *Hearings on the 1972 Senate Subcommittee Bill, S. 754,* 93rd Cong., 1st Sess. (1972) (Testimony of Deputy Attorney General Joseph T. Sneed). Thus, reasonable delay in multi-defendant cases was specifically provided for by 18 U.S.C. § 3161(h)(7). Congress stressed that "the purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the [g]overnment to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162." S.Rep.No. 93-1021, 93rd Cong., 2nd Sess. (1974). The express exclusionary command of § 3161(h)(7) and the congressional guidance gleaned from its legislative history refutes the appellant's contention that the district court abused its discretion in denying his motions for severance. The appellant's statutory right to a speedy trial was not violated by the four-month pretrial delay.

Id. at 1359.

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 9 of 11 -

Based upon the holding in <u>Varella</u>, Defendant Santos is not entitled to a severance where her criterion is simply the passage of time.

More importantly though is that Defendant Santos herself is responsible for the present delay in bringing this matter to trial. Defendant Santos tolled the speedy trial time clock by the filing on April 15, 2009 of her pretrial Motion to Dismiss for Lack of Sufficient Evidence and the present Motion to Sever. The Supreme Court of Guam, relying upon the provision of the Speedy Trial Act found in 18 U.S.C. § 3161(h)(1)(F), has pointed out that the filing of pre-trial motions qualifies as a good cause excuse to commence trial within speedy trial guidelines under 8 G.C.A. § 80.60 (3). <u>See, Nicholson v. Superior Court of Guam</u>, 2007 Guam 9 (citing to <u>People v. Ibanez</u>, DCA 91-0001A, 1992 WL 97221 at *2 (D. Guam App. Div. 1992)). Consequently, this Court finds that Defendant Santos's assertions regarding speedy trial do not supply the grounds for severance.

Lastly, the Court finds that severing Defendant Santos' trial from the other nine co-defendants in this case will not serve the interests of justice or prompt the efficient resolution of this case. Instead, it will squander scarce judicial resources and could lead to inconsistent judgments. <u>See, Johnson v. Tennis</u>, 549 F. 3d 296, 302 (3rd Cir. 2008) (holding that the "[p]ublic interest in judicial economy favors joint trials where the same evidence would otherwise be presented at separate trials of defendants charged with a single conspiracy."); <u>Buchanan v. Kentucky</u>, 483 U.S. 402, 418-419 (1987) (holding that joint trials are preferred in order to preserve judicial resources, produce consistent verdicts and minimize the burden on jurors, witnesses, defendants, and attorneys.)

The Court finds that joinder is appropriate here because this is a conspiracy case that involves questions of law and fact common to all ten Defendants. To prove the charges,

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 10 of 11 -

Prosecution will have to put on the same witnesses to give the same testimony and will have to present the same evidence. Documentation relevant to one Defendant will, at least to some extent, be relevant to the other nine defendants. The witnesses that Prosecution will be calling against each Defendant individually can also be called to testify against the other Defendants and about the same events that occurred. If the Court were to grant the Motion to Sever, Prosecution would have to prove the same set of facts on two occasions in two different courtrooms.

Granting the Motion to Sever will compromise judicial economy because this Court will have to conduct multiple trials involving the same issues and the same facts. The Court will not do that. When interests of judicial economy are weighed, the charges and defendants are linked by an alleged overarching conspiracy, and there is no finding of prejudice, concerns of judicial economy will mandate a joint trial. See, U.S. v. Fernandez, 388 F.3d at 1242; United States v. Vaccaro, 816 F.2d 443 (9th Cir. 1987), *cert. denied,* 484 U.S. 928 (1987), *abrogated on other grounds,* Huddleston v. United States, 485 U.S. 681 (1988); United States v. Lewis, 557 F.3d at 609-610.

## CONCLUSION

For the foregoing reasons, Defendant Benedette C. Santos's Motion to Sever is hereby DENIED.

So ORDERED this day of 23 June, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 2 3 2009

*Tammy L. Pinaula*
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*People v. Flores et. al*
Decision and Order (Defendant Benedette C. Santos's Motion to Sever)
Criminal Case No. CF0133-09          - Page 11 of 11 -